**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| MICHAEL CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:09-cv-02337-PMP-LRL |
| v. ) | |
| ) | **O R D E R** |
| KAREN SMITH, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the court is plaintiff's Special Request for Motion for Discovery, which the court construes as a Motion to Compel (#37). The court has considered the motion (#37) and the defendant's Opposition (#42). No reply was filed.

Plaintiff's motion (#37) must be denied. Through his motion (#37), plaintiff seeks production of documents under the control of the defendant so that he may "submit a summary judgment." Mot. (#37) at 2. "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed.R.Civ.P. 26(d). Here, defendant has not yet filed an answer, nor have the parties held a Rule 26(f) conference. Accordingly, any request for discovery is premature. Moreover, before a party may file a motion to compel pursuant to Fed.R.Civ.P. 37, that party must first serve a discovery request on the party from whom discovery is sought. For example, Rule 34 provides the procedure to request documents. If a response to a proper request for discovery is unsatisfactory, the requesting party must then meet and confer with the other party to try and resolve the issue without court intervention. *See* Fed.R.Civ.P. 37; *see also* Local Rule 26-7. Only if the parties are not able on their own to reach a satisfactory result may the requesting party file a motion to compel discovery. *See id.* Pursuant to Fed.R.Civ.P. 37(a)(1) and LR 26-7(b), the party filing a motion to compel must include a certification

1  that it has in good faith met and conferred with the person or party failing to make disclosure or
2  discovery in an effort to obtain the discovery without court action.

3      Through her opposition (#42), defendant seeks a stay of discovery pending the outcome of her
4  Motion to Dismiss (#31) made on grounds of qualified immunity. Opp'n (#42) at 4. Stay of pretrial
5  proceedings is appropriate in matters where, as here, immunity is asserted by a defendant. *Harlow v.*
6  *Fitzgerald*, 457 U.S 800 (1982); *see DiMartini v. Ferrin*, 889 F.2d 922, 926 (9th Cir. 1989) ("[U]ntil
7  the issue of immunity has been resolved, discovery should not proceed."). Further, defendant has not
8  yet filed an answer nor has the court entered a scheduling order; thus a stay of discovery will not
9  prejudice either party.

10      Accordingly, and for good cause shown,
11      IT IS ORDERED that plaintiff's Special Request for Motion for Discovery (#37) is DENIED.
12      IT IS FURTHER ORDERED that discovery proceedings are hereby stayed pending further order
13  of the court.
14      DATED this 24th day of September, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**

2