# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL CLARK, | ) |
| Plaintiff, | ) Case No. 2:09-cv-02337-PMP-GWF |
| vs. | ) **ORDER** |
| KAREN SMITH, | ) Motion to Strike (#54) |
| Defendant. | ) |

This matter is before the Court on Defendant's Motion to Strike Plaintiff's Certification for the Record: A Request for Production of Document: A Request for Discovery (#54), filed December 13, 2010.

To date, Plaintiff has not responded to this motion and the time for opposition has now passed. LR 7-2(d) states in pertinent part, that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." As a result, the Court will grant the present motion. In addition, Local Rule 26-8 states that written requests for discovery should not be filed with the Court. Under this rule, the Court finds that Plaintiff's filing of his request for production was improper. Plaintiff should instead serve his discovery requests directly on Defendant. The discovery request will be stricken from the record.

Further, Plaintiff's Amended Complaint (#51) has yet to be screened by the Court and any discovery is premature until a preliminary screening is conducted. Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2).

In this case, Plaintiff has apparently been released from custody, and is thus, at this stage of the litigation, no longer a "prisoner." Nevertheless, the Court finds that it must still conduct a section 1915A screening for two reasons. *See Johnson v. Hill*, 965 F.Supp. 1487, 1488 fn. 2 (E.D. Va, 1997). First, Plaintiff was a prisoner at the time he filed this action and at the time he filed his amended complaint (#51). Second, the suit advances concerns Plaintiff had as a prisoner about alleged misconduct by prison officials. By finding that Clark's suit must undergo a section 1915A screening, the Court "furthers a goal underlying the statute: to control the flood of litigation brought against the country's prison systems". *Johnson*, 965 F.Supp. at 1488 fn. 2. As a result, the Court will conduct a preliminary screening of Plaintiff's Amended Complaint (#51) and will stay discovery until the screening is completed.

No discovery may take place until the stay is lifted. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike Plaintiff's Discovery Request (#54) is **granted**. The Clerk of the Court shall strike Plaintiff's "Certification for the Record: A Request for Production of Document: A Request for Discovery" (#53) from the record.

**IT IS FURTHER ORDERED** that this action is stayed pending the Court's preliminary screening of Plaintiff's Amended Complaint (#51).

DATED this 18th day of January, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge